UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERICK ARNOLD HOGAN, D.O.,

    Defendant.
                                      /

File No. 1:09-CR-122

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendant's motion to dismiss the indictment on the basis that the statute he is charged with violating is unconstitutionally void for vagueness as applied. (Dkt. No. 39, Mot. to Dismiss.) For the reasons that follow the motion to dismiss will be denied.

## I.

Defendant Frederick Arnold Hogan, D.O., has been charged in a superseding indictment with 102 counts of distributing oxycodone, a Schedule II controlled substance, "outside the usual course of professional practice and for no legitimate medical purpose," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Dkt. No. 29, Superseding Indictment). Defendant contends that 21 U.S.C. § 841(a)(1) is unconstitutionally vague as applied to him because it does not define what conduct is prohibited. It does not define "outside the usual course of professional practice and for no legitimate medical purpose," and it fails to provide

standards to assess whether conduct is "within" or "outside" the "usual course of professional practice" or "for no legitimate medical purpose." Defendant contends that as a result of this vagueness, the statute fails to provide adequate notice of what conduct is prohibited, it fails to provide sufficient guidelines to govern law enforcement, and it encourages arbitrary and discriminatory enforcement, in violation of his rights to due process.

In order to comport with the Due Process Clause and to survive a void-for-vagueness challenge, a criminal law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited," and "provide explicit standards for those who apply them." *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

Section 841(a)(1) of the Controlled Substances Act (CSA), 21 U.S.C. § 801 *et seq.*, makes it a crime for "any person" to knowingly or intentionally distribute or dispense a controlled substance except those persons "authorized by this subchapter," such as physicians registered with the Attorney General pursuant to 21 U.S.C. § 822. *United States v. Johnson*, 831 F.2d 124, 127 (6th Cir. 1987). In *United States v. Moore*, 423 U.S. 122 (1975), the Supreme Court limited the scope of the exception for authorized physicians by holding that "a physician who abuses the privilege by issuing prescriptions outside the usual course of professional practice is subject to punishment under section 841(a)(1) just as any other 'drug pusher.'" *Johnson*, 831 F.2d at 127 (citing *Moore*, 423 U.S. at 139-45); *see also United States v. August*, 984 F.2d 705, 712 (6th Cir. 1992) ("An exception exists for physicians who distribute or dispense drugs in the normal course of their professional practice."); *United*

2

*States v. Hughes*, 895 F.2d 1135, 1143 n.11 (6th Cir. 1990) ("Pharmacists and physicians are protected from liability when they dispense controlled substances in the course of professional practice."); *United States v. Seelig*, 622 F.2d 207, 211 (6th Cir. 1980) ("As a matter of law, a registered doctor is subject to the criminal penalties of § 841(a)(1) if he is not acting within the usual course of professional conduct."). The Drug Enforcement Administration promulgated a regulation incorporating the Supreme Court's holding in *Moore*:

> (a) A prescription for a controlled substance to be effective must be issued for **a legitimate medical purpose** by an individual practitioner **acting in the usual course of his professional practice**. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner . . . An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person . . . issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

21 C.F.R. § 1306.04(a) (emphasis added).

Thus, in order to obtain a conviction under 21 U.S.C. § 841(a)(1) against a licensed physician, the government must show:

> "(1) That defendant distributed a controlled substance; (2) That he acted intentionally or knowingly; and (3) That defendant prescribed the drug without a legitimate medical purpose and outside the course of professional practice."

*United States v. Johnson*, 71 F.3d 539, 542 (6th Cir. 1995) (quoting *United States v. Varma*, 691 F.2d 460, 462 (10th Cir. 1982)).

Defendant is correct in his assertion that neither the statute nor the regulation provides standards as to what conduct is "for a legitimate medical purpose" or in "the course of professional practice." "There are no specific guidelines concerning what is required to support a conclusion that an accused acted outside the usual course of professional practice." *August*, 984 F.2d at 713 (citing *Kirk*, 584 F.2d at 784). Despite the lack of guidelines on the "outside the course of professional practice" standard, the Sixth Circuit has explicitly rejected the argument that 21 U.S.C. § 841(a)(1) is void for vagueness. *United States v. DeBoer*, 966 F.2d 1066, 1068-69 (6th Cir. 1992); *see also United States v. Sims-Robertson*, No. 92-1076, 1994 WL 12212, at *5 (6th Cir. Jan. 18, 1994) (holding that a physician's constitutional argument that § 841 is void for vagueness and violates the Due Process Clause was without merit in light of *DeBoer*). Rather, "courts must engage in a case-by-case analysis of evidence to determine whether a reasonable inference of guilt may be drawn from specific facts." *August*, 984 F.2d at 713. As noted in *Sims-Robertson*, the Sixth Circuit has "consistently upheld convictions under [§ 841] in cases where the standard of conduct of the professional was derived from testimony concerning general standards of acceptable conduct." 1994 WL 12212, at *5 (citing *DeBoer*, 966 F.2d at 1068-69; *United States v. Hughes*, 895 F.2d 1135, 1142 (6th Cir. 1990); *Kirk*, 584 F.2d at 784-85). The government may rely on expert testimony or on evidence from lay witnesses regarding the facts and circumstances of the prescriptions. *United States v. Word*, 806 F.2d 658, 663 (6th Cir. 1986).

Other federal circuits have similarly rejected the argument that the "outside the course of professional practice" standard is unconstitutionally vague. *See*, *e.g.*, *United States v. Rosenberg*, 515 F.2d 190, 197 (9th Cir. 1975) (rejecting the constitutional vagueness challenge and noting that the phrase "in the course of professional practice" has been in statutes since 1914 and has been interpreted by courts with "ease and consistency"); *United States v. Collier*, 478 F.2d 268, 272 (5th Cir. 1973) (holding that a doctor's judgment whether a patient needs a Schedule II drug is a routine judgment, and that a criminal standard that only makes unlawful the prescribing of drugs outside the course of professional practice is not unconstitutionally vague). Defendant has not cited any federal case that has found that the "outside the course of professional practice" standard is unconstitutionally vague either on its face or as applied.

In light of the Sixth Circuit's holding in *DeBoer* that the "usual course of professional practice" standard incorporated by 21 U.S.C. § 841(a)(1) is not unconstitutionally vague as applied to charges against a physician, Defendant's motion to dismiss the indictment must be denied.

An order consistent with this opinion will be entered.


Dated: <u>November 20, 2009</u>     /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE

5